UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MANUEL ADAME,

    Petitioner,

    v.

BEN CURRY, Warden,

    Respondent.
_____/

No. C 08-5271 PJH

**ORDER TO SHOW CAUSE**

Petitioner Manuel Adame ("Adame"), a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

On November 26, 1979, a jury in the Los Angeles County Superior Court convicted Adame of first degree murder and attempted robbery. Adame was sentenced to twenty-five years to life in prison with the possibility of parole.

On March 9, 2006, the California Board of Parole ("Board") granted Adame parole. However, on August 4, 2006, the Governor of California reversed the Board's decision to grant parole. On September 5, 2006, Adame subsequently filed a petition for writ of habeas corpus with the Los Angeles County Superior Court challenging the Governor's decision, which the court denied on September 6, 2007. On March 12, 2008, Adame then filed a petition for writ of habeas corpus with the California Court of Appeal, which the court denied on May 2, 2008. The California Supreme Court denied Adame's petition for review on May 13, 2008. Adame filed the instant petition on November 20, 2008.

## DISCUSSION

**A.  Legal Standard**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**B.  Petitioner's Legal Claim**

Adame raises one claim in his habeas petition.  He contends that his continued incarceration due to the Governor's decision reversing the Board's grant of parole violates his due process rights because it is not supported by the evidence and is arbitrary, capricious, and fundamentally unfair.  Liberally construed, the claim appears colorable under 28 U.S.C. § 2254 and merits an answer from respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.  Petitioner is ordered to pay the filing fee required in habeas cases.

2.  The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondents.  The clerk shall also serve a copy of this order on petitioner.

3.  Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

4.  If the petitioner wishes to respond to the answer, he shall do so by filing a

traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated:   November 25, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge