UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MANUEL ADAME,

    Petitioner,

    v.

BEN CURRY, Warden,

    Respondent.
_____/

No. C 08-5271 PJH

**ORDER DENYING HABEAS PETITION**

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. § 2254. The petition is directed to a denial of parole by the Governor.

## BACKGROUND

On November 26, 1979, a jury in the Los Angeles County Superior Court convicted Manuel Adame ("Adame") of murder in the first degree and of attempted robbery. Adame was sentenced to prison for a term of twenty-five years to life with the possibility of parole for the murder conviction, and to a concurrent three-year term for the attempted robbery conviction.

On March 9, 2006, the California Board of Parole Hearings ("the Board") granted Adame parole, finding that he did not pose an unreasonable risk of danger to the community if released. In granting him parole for the first time, the Board cited Adame's completion of educational and vocational programs, his participation in Alcoholics Anonymous, his remorse for the crime, his realistic parole plans, and his nearly flawless disciplinary record. Before the Board's decision became final, it was subject to review by

the Governor, who could affirm, reverse, or modify the grant of parole. 15 Cal. Code Regs. § 2041(h).

On August 4, 2006, the Governor reversed the Board's grant of parole. Although the Governor noted the progress made by Adame in prison, the Governor found that Adame's prior criminal history, which included a second-degree murder conviction when he was seventeen years-old, a six-month sentence for battery, and a conviction for reckless driving, demonstrated an inability to conform his behavior to the rules of society. The Governor also noted that the murder was especially heinous because it occurred shortly after Adame's conviction for second-degree murder, and also because substantial planning went into the underlying robbery. Finally, the Governor questioned whether Adame had accepted responsibility for the crime, noting Adame's assertions that he was not the shooter, and a 1997 mental health evaluation wherein Adame stated "[i]t's difficult for me to be overly remorseful."

Following the Governor's reversal, Adame filed a petition for writ of habeas corpus in the Los Angeles County Superior Court, arguing that the Governor's reversal of parole was arbitrary and not supported by the evidence. On September 6, 2007, the court denied Adame's petition, and on March 12, 2008, the California Court of Appeal issued a summary denial of Adame's petition. On July 9, 2008, the California Supreme Court denied Adame's request for review.

Adame filed a petition for writ of habeas corpus with this court on November 20, 2008, pursuant to 28 U.S.C. § 2254. Adame's sole claim is that his continued incarceration due to the Governor's decision reversing the Board's 2006 grant of parole violates his due process rights because the decision was not supported by "some evidence" of his current threat to society if released.

On March 23, 2009, the Board granted Adame parole for the third time. Pursuant to the Board's grant of parole, respondent filed a motion to dismiss the present action. Respondent argued that Adame's federal habeas petition was moot as a result of the Board's March 23, 2009 grant of parole. This court denied respondent's motion on July 2,

2009, concluding that Adame's habeas petition was not moot even if he was ultimately released because an injury still remained that could be remedied by a favorable ruling by this court. However, on August 21, 2009, following the denial of respondent's motion to dismiss, the Governor again reversed the Board's grant of parole.

Before this court reached the merits of Adame's petition, the Board granted Adame parole for a fourth time. Significantly, though, on August 5, 2010, Adame was released because the Governor declined to review the Board's decision granting Adame's release. After Adame's release, respondent again filed a supplemental brief urging the court to deny Adame's petition as moot, and the court allowed Adame to oppose the request, which he did.

**DISCUSSION**

The court finds it unnecessary to reach the mootness issue addressed by the parties' supplemental briefs, but instead, following the United States Supreme Court's recent decision in *Swarthout v. Cooke*, 2011 WL 197627 (Jan. 24, 2011), reviews Adame's petition on the merits. As noted above, Adame's only claim is that his continued incarceration due to the Governor's decision reversing the Board's 2006 grant of parole violates his due process rights because the decision was not supported by "some evidence" of his current threat to society if released.

In *Swarthout*, the Supreme Court held that "[i]n the context of parole . . . the procedures required [by the due process clause] are minimal . . . an opportunity to be heard and . . . a statement of the reasons why parole was denied . . . '[t]he Constitution . . . does not require more.'" 2011 WL 197627 at *2 (quoting *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979)). Therefore, the only two due process rights a prisoner has with regard to a parole eligibility hearing are: (1) a right to be heard; and (2) a right to a statement of reasons for a denial.

Here, there is no contention that Adame was denied either an opportunity to be heard or a statement of reasons why parole was denied. It is clear from the record that he in fact was allowed to be heard, and the Governor's decision – the decision at issue here –

provides reasons for the denial.  See Exhs. 1-B at 1-75;1-A at 1-4.  Consequently, the petition is without merit.

## CERTIFICATE OF APPEALABILITY

Given the clear controlling Supreme Court authority, a certificate of appealability ("COA") will be denied.  See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA standard). Petitioner is advised that he may ask the court of appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure.  See Rule 11(a), Rules Governing § 2254 Cases.

## CONCLUSION

For the foregoing reasons, Adame's petition for a writ of habeas corpus is DENIED. All other motions are DENIED as moot.  A certificate of appealability is DENIED. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 10, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge